# EXHIBIT 2

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the State of Louisiana, acting through the Louisiana Department of Justice Medicaid Fraud Control Unit (hereinafter referred to as "the State"), Acadia Healthcare Company, Inc. and Vermilion Hospital, LLC (hereafter collectively referred to as "Acadia"), through their authorized representatives.

## RECITALS

A.   Vermilion Hospital, LLC owns and operates two psychiatric treatment facilities in Lafayette, Louisiana that offer both inpatient and outpatient services to the general public, including Louisiana Medicaid beneficiaries.

B.   On April 1, 2016 Jeffrey H. Byrd (the "Relator") filed a *qui tam* action in the United States District Court for the Middle District of Tennessee captioned *United States ex rel. Jeffrey H. Byrd v. Acadia Healthcare Company, Inc. and Vermilion Hospital, LLC*, Civil Action No. 3:16-cv-00700 pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the Louisiana Medical Assistance Program Integrity Law (MAPIL), LSA R.S. 46:437.1 *et seq.* (the "Civil Action"). The Civil Action was subsequently transferred to the Middle District of Louisiana, Civil Action No. 3:18-cv-312. In his complaint Relator alleges that Acadia submitted false claims to the Louisiana Medical Assistance Programs ("Medicaid") and Medicare programs.

C.   The State contends that Acadia submitted or caused to be submitted claims for payment to the Louisiana Medicaid program.

D.   The State contends that it has certain civil and administrative causes of action against Acadia for allegedly engaging in the following conduct in connection with the services Acadia's facilities in Lafayette, Louisiana provided to Louisiana Medicaid beneficiaries (hereinafter referred to as the "Alleged Conduct"):

1. From January 1, 2007, through December 31, 2015, Acadia submitted applications to the State of Louisiana for a disproportionate share ("DSH") payments that misrepresented Acadia's qualification for DSH payments, thereby causing the State to pay to Acadia DSH payments it was not entitled to; and

2. From March 1, 2013, through October 31, 2016, Acadia paid improper remuneration via free staff; improper lease arrangements; and inflated salaries to certain physicians in the Lafayette area for the purpose of inducing referrals to Acadia facilities in Lafayette, Louisiana; and

3. Acadia submitted claims for payment to the Medicaid program for services provided by advanced practice registered nurses that did not have the required collaborative practice agreement with a collaborating physician as required by Louisiana law.

E. This agreement is made in compromise of disputed claims. This Agreement is neither an admission of liability by Acadia nor a concession by the State that its claims are not well founded.

F. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of and reliance on the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.  Acadia shall pay to the State FIVE HUNDRED THOUSAND DOLLARS ($500,000) (the "Settlement Amount"). Acadia agrees that the Settlement Amount shall be paid no later than 30 days from the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by the State.

4817-2090-6411.1-2090-6411.1

2

2.  Subject to the exceptions in Paragraph 9, below (concerning excluded claims), and conditioned upon full payment of the Settlement Amount, the State of Louisiana releases Acadia Healthcare Company, Inc. and Vermillion Hospital, LLC, together with their owners, officers, directors, employees, affiliates, subsidiaries, agents, insurers, and representatives from any and all civil or administrative claims the State of Louisiana has for the Alleged Conduct as well as claims brought or that could have been brought for the subject time period under the Louisiana Medical Assistance Programs Integrity Law, LSA R.S. 46:437.1 *et seq.* (MAPIL), or Louisiana state law theories of fraud, payment by mistake, unjust enrichment, disgorgement, and any other Louisiana state law theories of recovery.

3. Upon receipt of the payment described in Paragraph 1, above, the State agrees to dismiss with prejudice any and all state law claims which the State has the authority to dismiss currently pending against Acadia in State or Federal courts for the Alleged Conduct. Contingent upon receipt of the full settlement amount, the State agrees to pay the Relator the Relator's share as agreed to in a side letter between the State and the Relator.

4.  Notwithstanding the releases given in paragraphs 2 and 3 of this Agreement, or any other term of this Agreement, the following claims of the State are specifically reserved and are not released:

   a.  Any liability arising under the revenue code, Title 47, of the Louisiana Revised Statutes;

   b.  Any criminal liability;

   c.  Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

    d.    Any claims currently being investigated by the U.S. Attorney's Office in the Middle District of Florida concerning the matter captioned U.S. ex rel [Sealed] v. [Sealed], Civil Action No. 2:18-cv-543;

    e.    Any liability based upon obligations created by this Agreement;

    f.    Any liability of individuals;

    g.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

    h.    Any liability for failure to deliver goods or services due;

    i.    Any liability for personal injury or property damage or for other consequential damages arising from the Alleged Conduct.

5. Acadia fully and finally releases the State of Louisiana, their agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Acadia has asserted, could have asserted, or may assert in the future against the State of Louisiana, their agencies, officers, agents, employees, and servants, related to the Alleged Conduct and the State's investigation and prosecution thereof.

6. Acadia waive(s) and shall not assert any defenses it may have to criminal prosecution or administrative action for the Alleged Conduct, which may be based in whole or in part on a contention, under the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution or the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution, that this Agreement bars a remedy sought in such criminal prosecution or administrative action.

7. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any State payer related to the Alleged Conduct; and Acadia agrees not to resubmit to any State payer any previously denied claims denied on the

4817-2090-6411.1-2090-6411.1

4

basis of the Alleged Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

8. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity.

9. Acadia agrees that it waives and shall not seek payment for any of the health care billings alleged by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Alleged Conduct.

10. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

11. Acadia agrees to cooperate with any State investigation of individuals or entities not released in this Agreement with regard to the Alleged Conduct. Upon reasonable notice of such an investigation, Acadia shall encourage, and agrees not to impair, the cooperation of its directors, officers, and employees, consistent with the rights and privileges of such individuals and of Acadia. Acadia agrees to provide full and accurate responses to all validly issued and proper subpoenas or other legal process served upon it by the State with regard to the Alleged Conduct.

12. This Agreement is governed by the laws of the State of Louisiana. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Middle District of Louisiana. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. The State and Acadia shall bear their own legal fees and costs incurred in connection with this matter, including the preparation and performance of this Agreement.

14. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

15. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

16. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17. This Agreement is binding on Acadia's successors, transferees, heirs, and assigns.

18. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>THE STATE OF LOUISIANA</u>

DATED: 11/20/19       BY: _____
                         Jodi E. LeJeune, Director
                         Medicaid Fraud Control Unit
                         Louisiana Office of the Attorney General
                         Post Office Box 94095
                         Baton Rouge, Louisiana 70804

DEFENDANT

DATED: 12-4-19          BY: _____

*For Acadia Healthcare Company, Inc. and Vermilion Hospital, LLC*

DATED: 12/5/19          BY: _____
John-David H. Thomas
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

*Counsel for Acadia Healthcare Company, Inc. and Vermilion Hospital, LLC*

4817-2090-6411.1-2090-6411.1

8