UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES ex rel.<br>JEFFREY H. BYRD,<br><br>    Plaintiff-Relator,<br><br>v.<br><br>ACADIA HEALTHCARE<br>COMPANY, INC. and<br>VERMILION HOSPITAL, LLC,<br><br>    Defendants. | Civil Action No. 18-312-JWD-EWD<br><br>Judge deGravelles<br><br>Magistrate Judge Wilder-Doomes<br><br>Jury Trial Demanded |

## RELATOR'S SURREPLY IN RESPONSE TO MOTION TO DISMISS

Paragraph 118 of the Second Amended Complaint ("SAC") alleged that "[u]pon information and belief, based upon discussion with counsel for the State, Vermilion checked the box on the [DSH] qualification form indicating that it did not offer non-emergency obstetric services to the general public as of December 22, 1987." SAC, Doc. 88, ¶ 118. Defendants did not address this allegation in their motion to dismiss. In their reply brief, however, Defendants argue for the first time that the Court should not consider this allegation because (i) Relator is not the "original source" of the information, and (ii) it is not a proper "information and belief" allegation because "Relator offers no allegations that these facts are peculiarly within Defendants' possession." Doc. 96 ("Reply Brief"), p. 10. As discussed below, each of these arguments is without merit.

    1.    <u>Whether Relator is an "original source" is immaterial, since Defendants have withdrawn their public disclosure arguments</u>.

In their motion to dismiss, Defendants argued that some of Relators' claims should be dismissed under the "public disclosure" rule because certain facts were disclosed in a state

investigation. Doc. 92-1 ("MTD Brief"), p. 11-14. In his response, Relator explained that Defendants' argument was based on the pre-2010 version of the statute, and that state investigations are not a qualifying "public disclosure" under the amended statute. Doc. 95, p. 20-25. In their reply brief, Defendants conceded that Relator was correct, and withdrew their public disclosure argument in its entirety. Reply Brief, p. 11 ("Defendants recognize their public disclosure bar argument should no longer be considered").

Nevertheless, Defendants argued for the first time in their reply brief that the Court should not consider paragraph 118 because Relator was supposedly not the "original source" of the information:

> Relator does not allege that *he* spoke with "counsel for the State," as opposed to his *counsel* speaking with that unnamed attorney. If Relator's counsel learned this information and relayed it to Relator, then Relator is not its original source. *See, e.g., U.S. ex rel. Reagan v. E. Tex. Med. Ctr. Reg. Healthcare Sys.*, 384 F.3d 168, 177-78 (5th Cir. 2004) (concluding that relator did not have "independent" knowledge underlying the claims, under the FCA's "original source" test in § 3730(e)(4)(B)).

Reply Brief, Doc. 96, p. 10.

Defendants did not make this argument in their original motion, and should not be able to raise it for the first time in a reply brief. *See Omega Hosp., LLC v. United Healthcare Servs.*, 2020 U.S. Dist. LEXIS 224996, at *37 (M.D. La. Dec. 1, 2020) (new arguments raised for the first time in a reply brief need not be considered); Order, Doc. 85, p. 54 (failure to brief an argument constitutes waiver).

Moreover, this argument is baseless because "[w]hether the plaintiff is an original source is immaterial unless there has been [a qualifying] public disclosure." *United States v. Bank of Farmington*, 166 F.3d 853, 859 (7th Cir. 1999); *see Reagan, supra* at 173 (court must consider whether action is based upon public disclosure, and "*if so*, whether the relator is the original source of the information") (emphasis added); *United States ex rel. Beauchamp v. Academi*

*Training Ctr., LLC*, 816 F.3d 37, 47 (4th Cir. 2016) (no need to address original source question where there was "no qualifying public disclosure"). Because Defendants have withdrawn any public disclosure argument, it is immaterial whether Relator is the "original source" of any information.[1]

    2.    <u>Defendants' "information and belief" argument is without merit</u>.

In their reply brief, Defendants argue that paragraph 118 is not a proper "information and belief" allegation because "Relator offers no allegations that these facts are peculiarly within Defendants' possession." Reply Brief, p. 10. Defendants did not make this argument, or anything close to it, in their original motion, and thus did not give Relator the chance to respond. Indeed, Defendants did not even *cite* paragraph 118 in their earlier brief, much less argue that it should be disregarded because the facts are not peculiarly within Defendants' possession. *See* MTD Brief, p. 18-20 (citing to, but not discussing, ¶¶ 110-116 of SAC, but not even mentioning ¶ 118).[2] Defendants should not be able to make this argument for the first time in a reply brief.

Defendants imply that they raised this issue in their original brief, stating that "as noted in Defendants' Motion, Relator's reliance on an alleged 'discussion with counsel for the State,' is

---

[1] Like the authority cited in their original motion, *Reagan* (the only case cited on this point in the reply brief), considered the pre-PPACA version of the statute, which applied a different test for determining whether someone is an "original source." Under both the pre- and post-PPACA statute, however, the "original source" question does not arise unless there is a qualifying public disclosure. Since Defendants are no longer asserting that there was such a public disclosure, the original source question does not arise.

[2] It is not sufficient that Defendants, citing to (but not discussing) other paragraphs of the complaint, vaguely asserted that Relator "has not (and apparently cannot) allege that Defendants submitted or presented any claims for DSH payments." MTD Brief, p. 19. The argument that paragraph 118 is insufficient because "Relator offers no allegations that these facts are peculiarly within Defendants' possession" is a completely different argument, and no one could have believed Defendants were making that argument by reading their brief. *See* Order, Doc. 85, p. 54 ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

3

similarly deficient. (Def.'s Mot., p. 22)." Reply Brief, p. 10.  This statement is very misleading, since page 22 of Defendants' motion did not relate to paragraph 118, or even to the submission of DSH claims.  Rather, it discussed a completely different allegation about whether Defendants *repaid* DSH money, in the context of Relator's "reverse false claims" count, and Defendants' arguments on this point were directed entirely toward that particular allegation.  *See* MTD Brief, p. 20-22 (discussing paragraph 125 of complaint).  Nowhere in their motion did Defendants argue, or even hint, that discussion with counsel for the state was an insufficient basis for the allegation in paragraph 118 because the complaint does not show that the facts in that paragraph are peculiarly within Defendants' possession.

Moreover, the SAC provides abundant basis for concluding that the relevant information is not in Relator's possession.  Relator only worked for Defendants for a six-month period from July 2014 to January 2015, when he was summarily terminated, cutting off his access to Defendants' records.  SAC, ¶ 10, 123.  There is no allegation that Relator was involved in the submission of the qualification forms for 2008-2011 and 2015 (which pre- and post-date his period of employment), or that he has even seen them, much less that he has current access to them.  It would be an unusual construction of the complaint to infer that Relator somehow has access to the actual qualification forms submitted by Defendants over the years, but has elected not to use them.  And on a motion to dismiss, the evidence is to be construed in the light most favorable to Relator, with inferences drawn in his favor, rather than the other way around.

Under these circumstances, it is appropriate for Relator to rely upon an information and belief allegation regarding which box was checked by Defendants on the qualification forms.  Defendants do not argue (even in their reply brief) that discussion with counsel for the state does not constitute a sufficient "factual basis for [Relator's] belief."  Order, Doc. 85, p. 53.  It would

4

be difficult to make such an argument, since the state was fully aware of Defendants' basis for claiming entitlement to the DSH funds. As Defendants acknowledge in their motion, while the case was under seal, "the State took over the substantive investigation of Relator's allegations," and "Defendants and counsel for the State engaged in ongoing dialogue and in-person meetings concerning this action," leading to the state's intervention and the settlement of its DSH claims. Doc. 67-1, p. 2; *see* MTD Brief, p. 1-2 (referring Court to discussion of "[t]he years-long procedural history of this action" set forth in earlier motion). Defendants themselves, in their motion to dismiss the prior complaint, argued that they were entitled to the exception for facilities that had been in operation before December 22, 1987. Doc. 67-1, p. 25-26. As alleged in paragraph 118, the state rejected this claim because "[t]he State believed Defendants were not entitled to this exception due to changes in the nature of the facility, changes in licensure, and changes in ownership occurring after that date." SAC, ¶ 118. Discussion with counsel for the state thus plainly provides a sufficient "factual basis for [Relator's] belief," and Defendants have not argued otherwise, even in their reply brief.

Finally, Relator notes that which box Defendants checked is immaterial, since it is undisputed that Vermilion "did not have at least two obstetricians with staff privileges who agreed to provide obstetric services to individuals entitled to medical assistance for such services, as required by 42 U.S.C. § 1396r-4(d)." SAC, ¶ 117. As the Court held in its prior order, it is ***Defendants'*** burden to show compliance with an exception to the obstetrician requirement, and "Relator need not prove at the pleading phase that the exception to the obstetrician requirement does not apply." Order, Doc. 85, p. 58. Accordingly, even if the Court should consider Defendants' newly-raised arguments about paragraph 118, they should be rejected.

5

Respectfully submitted, this 13th day of July, 2021.

/s/ G. Mark Simpson
G. Mark Simpson
Georgia Bar No. 647725
Simpson Law Firm, LLC
110 Habersham Drive, Suite 108
Fayetteville, GA 30214
(770) 371-5008
(678) 302-8721 (fax)
mark@marksimpsonlaw.com

/s/ J. Marc Vezina
J. Marc Vezina, TA LA BAR #24683
Kelli M. Khalaf LA BAR #23213
Vezina and Gattuso, LLC
401 Weyer St.
P.O. Box 461
Gretna, LA 70054
(504) 368-5223
(504) 361-3624 (fax)
jmv@vezinalaw.com

/s/ David W. Garrison
David W. Garrison (TN Bar No. 024968)
Seth M. Hyatt (TN Bar No. 031171)
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
(615) 252-3798 (fax)
dgarrison@barrettjohnston.com
shyatt@barrettjohnston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed a copy of the foregoing document using the Court's CM/ECF system, which will automatically send notice of such filing to counsel of record.

This 13th day of July, 2021.

/s/ J. Marc Vezina
J. Marc Vezina