## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| JEFFREY H. BYRD, | ) | |
| | ) | |
| **Plaintiff-Relator,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 18-312-JWD-EWD** |
| | ) | |
| ACADIA HEALTHCARE | ) | |
| COMPANY, INC. and | ) | |
| VERMILION HOSPITAL, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Acadia Healthcare Company, Inc. and Vermilion Hospital, LLC (collectively, "Vermilion" or "Defendants") file this Motion for Summary Judgment on all claims in the Plaintiff-Relator's Second Amended Complaint [Dkt. No. 88]. Pursuant to Local Rule 56, this Motion is based on Defendants' supporting Memorandum of Law, Defendants' Statement of Undisputed Material Facts, and the accompanying exhibits.

Vermilion is entitled to summary judgment because Relator cannot establish multiple essential elements of the claims alleged in his Second Amended Complaint. He alleges that Vermilion violated the False Claims Act ("FCA") by submitting false claims, using false records or statements, and retaining payments from the Government, all premised on alleged violations of underlying federal and state laws. He also alleges retaliation under both the federal FCA and state law.

To prove his theory, Relator must establish that (1) Vermilion knowingly [scienter] (2) presented or caused to be presented [causation] (3) a false claim [falsity] and that (4) such falsity was material to the Government's decision to pay the claim [materiality]. 31 U.S.C. §

3729(a)(1)(A); *U.S. ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 653-54 (5th Cir. 2017). Most fatal to Relator's FCA claims is the fact that he cannot prove violations of the underlying federal and state statutes and regulations that his FCA claims are premised upon. Because Vermilion did not violate any of these statutes or regulations, Relator's FCA claims necessarily fail as a matter of law.

Relator alleges that Vermilion utilized the services of a nurse practitioner who lacked the proper collaborative practice agreements and did not properly collaborate with physicians. The evidence adduced in discovery shows that she did, in fact, have several collaborative practice agreements in place and was properly collaborating with numerous physicians, including Vermilion's medical director. The claims relating to this nurse practitioner also fail based on the FCA's public disclosure bar as they are nearly identical to findings in a CMS federal audit of Vermilion.

Relator then alleges that Vermilion provided "free staff" to a psychiatrist in the community in order to induce referrals from that psychiatrist to Vermilion. Evidence in the form of deposition testimony and documentary evidence shows that there was never any "free staff" provided. One of the nurses was dual-employed by Vermilion and the psychiatrist and was paid by both for services she performed for each. And the other nurse, an APRN, was never dual-employed and was never paid by Vermilion for any services she performed for the psychiatrist. Because no "free staff" was provided, Relator cannot prove a violation of either the Anti-Kickback Statute or Stark law, meaning that his FCA claims based on violations of these statutes also fail as a matter of law.

Relator's final FCA claim is premised on Vermilion's supposed disqualification for Disproportionate Share Hospital (DSH) payments because he does not believe that Vermilion was open as of December 22, 1987. Evidence shows that Vermilion was open as of the early 1980s and

otherwise qualified for DSH payments. Relators claims premised on Vermilion's receipt of DSH payments also fails as a matter of law because Vermilion qualified for these payments.

Additionally, in addition to failing because Vermilion did not violate any of the underlying statutes or regulations, Relator's reverse FCA claim in Count III also fails because it is duplicative of his "traditional" FCA claims under § 3729(a)(1)(A) and (B).

And, as to Relator's retaliation claims, because he has not shown that Vermilion's termination of his employment based on significant lapses in job performance was pretextual, or that Vermilion engaged in retaliatory conduct pre-termination—as opposed to post-termination—these claims also fail.

For these reasons, Vermilion hereby respectfully moves this Court to grant Defendants' Motion for Summary Judgment, dismiss all claims in Plaintiff-Relator's Second Amended Complaint with prejudice, and enter judgment in favor of Defendants.

Dated: June 30, 2023

Respectfully submitted,

*/s/ Andrew F. Solinger*
Jennifer Weaver *(Pro Hac Vice forthcoming)*
(Tenn. Bar No. 020142)
Andrew F. Solinger (*Pro Hac Vice*) (Tenn. Bar No. 036943)
HOLLAND & KNIGHT, LLP
511 Union St., Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8596
Facsimile: (615) 244-6804
Jennifer.Weaver@hklaw.com
Andrew.Solinger@hklaw.com

James M. Garner (La. Bar No. 19589)
Joshua S. Force (La. Bar No. 21975)
David A. Freedman (La. Bar No. 36463)
SHER, GARNER, CAHILL, RICHTER, KLEIN,
MCALISTER & HILBERT, LLC
909 Poydras St., 28th Floor
New Orleans, LA 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
Jgarner@shergarner.com
Jforce@shergarner.com
Dfreedman@shergarner.com

*Attorneys for Defendants Acadia Healthcare*
*Company, Inc. and Vermilion Hospital, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2023, I filed this Defendants' Motion for Summary Judgment, using the Court's CM/ECF system, resulting in service on all counsel of record in this matter.

*/s/ Andrew F. Solinger*
Andrew F. Solinger